UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION, a
Washington Corporation,

    Plaintiff,

v.

CHARLIE'S ONE STOP COMPUTER
CENTER INC., a Massachusetts
corporation, MICHAEL AUCOIN, an
individual, and CHARLIE'S ONE STOP
COMPUTER CENTER II, INC., a
Massachusetts corporation,

    Defendants.

CASE NO. C16-0807RSM

ORDER GRANTING IN PART AND
DENYING IN PART MOTION FOR
ATTORNEY'S FEES

## I.    INTRODUCTION

This matter initially came before the Court on Defendants Charlie's One Stop Computer Center Inc.'s ("Charlie I") and Michael Aucoin's Motion to Dismiss, which included a request for attorneys' fees and costs. Dkt. #27. On September 21, 2017, the Court granted in part Defendants' motion, finding that transfer to the District of Massachusetts was appropriate. Dkt. #43. In addition, the Court granted Defendants' request for attorney's fees, and directed Defendants to file a supplemental motion, appending the evidence necessary to support their request. *Id.* Defendants have since filed that supplemental motion. Dkt. #46. Plaintiff opposes

ORDER
PAGE - 1

the motion on the basis that Defendants have failed to demonstrate that the hourly fee requested is reasonable. Dkt. #47. Defendants now ask the Court for a total award of $18,630.00. For the reasons discussed below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion.

## II. DISCUSSSION

### A. Legal Standard

"When it sets a fee, the district court must first determine the presumptive lodestar figure by multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc.*, 6 F.3d 614, 622 (9th Cir. 1993). The reasonable hourly rate is determined with reference to the prevailing rates charged by attorneys of comparable skill and experience in the relevant community. *See Blum v. Stetson*, 465 U.S. 886, 895 (1984). In determining the reasonable number of hours expended on the litigation, the Court may exclude any excessive, redundant, or otherwise unnecessary hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The Court may also adjust the lodestar with reference to factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975). The relevant Kerr factors here are: (1) the time and labor required; (2) the novelty and difficulty of the questions; and (3) the skill requisite to perform the legal services properly. "The lodestar amount presumably reflects the novelty and complexity of the issues, the special skill and experience of counsel, the quality of representation, and the results obtained from the litigation." *Intel*, 6 F.3d at 622.

### B. Reasonableness of Rates

The Court first examines the hourly rate for time billed by their counsel requested by Defendants. Defendants seek a billing rate of $675 per hour for the work done by their attorney

Philip Mann. Dkt. #46 at 2. "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting… the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945-46 (9th Cir. 2007) (citing *Hensley,* 461 U.S. at 433). In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch*, 480 F.3d at 946 (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 979* (9th Cir. 2008) (vacating award of attorneys' fees in Fair Debt Collection Practices Act case where district court failed to identify the relevant community or address the prevailing market rate).

In this case, Defendants have failed to present evidence supporting the reasonableness of the rate requested in this market. *See* Dkts. #46-1 and #46-2. While Defendants provide a Declaration from another attorney asserting that "in his opinion" the hourly rate is reasonable, Defendants provide no analysis of the rates charged for these types of cases in the Seattle market. Given the Court's familiarity with the market and the rates typically charged by experienced attorneys in these types of cases, and a review by this Court of similar actions in which attorney's fees were awarded, the Court finds that the average rates awarded are typically between $325.00

ORDER
PAGE - 3

and $400.00 per hour. Accordingly, given the absence of proper evidence from Defendants to comparable attorney rates in the Seattle market, and considering the Court's own review of comparable cases, the Court finds that Defendants have failed to meet their burden to establish a reasonable hourly rate of $675.00 per hour. The Court will therefore calculate the lodestar using the hourly rate of $325 per hour for Defendants' attorney's time.

C. **Reasonableness of Hours**

Now turning to the reasonableness of the hours requested, the Court notes that "[t]he party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting" the request. *Hensley*, 461 U.S. at 433. As noted above, the Court excludes those hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434. Further, the Ninth Circuit has held it is reasonable for a district court to conclude that the party seeking attorney's fees fails to carry its burden of documenting the hours expended when that party engages in "block billing" because block billing makes it more difficult to determine how much time was spent on particular activities. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Likewise, intra-office conferences between experienced counsel, absent persuasive justification by the moving party, may be excluded from an award as unnecessary and duplicative. *See id.* at 949.

As an initial matter, the Court adjusts the total amount of attorney fees requested from $18,630.00 to $8,970.00, based on the reduced rate of $325 per hour (27.6 hours x $325 = $8,970.00).

The Court next turns to more specific reductions. Defendants have presented a detailed description of the time spent defending this action. Dkt. #46-1. The Court has reviewed their attorney's billing entries. *Id.* The Court will not award fees for the time Defendants' counsel

ORDER
PAGE - 4

spent discussing the case with his own clients, as that type of activity is analogous to an intra-office conference. Further, counsel has engaged in block billing time entries, which has left the Court unable to attribute time spent on a particular activity on two dates. Dkt. #46-1; *Welch*, 480 F.3d at 948. Accordingly, because the Court cannot discern from the time entry itself the amount of time to attribute to a particular activity, it will reduce those entries by half. For these reasons, the Court will deduct $2112.50 from its award of attorney's fees as follows:

    7/05/17        3.25 hours (3.25 x $325/hr = $1,056.25) (conference with client; block billed)

    7/10/17        3.25 hours (3.25 x $325/hr = $1056.25) (conference with client; block billed)

Dkt. #46-1.

In light of the rate reduction already imposed, and the time reductions noted above, the Court finds that the remaining hours requested by Defendants' counsel are reasonable, and will award the fees associated with those hours, again noting that the hourly rate has been reduced to $325 per hour. Accordingly, **the total amount of attorney's fees awarded is $6,875.50 ($8,970.00-$2112.50 = $6,875.50)**.

### D. Lodestar Adjustment

The Court finds that the time set forth above, less the reductions noted by the Court, reflects the reasonable time spent defending this matter and does not find it necessary to make any lodestar adjustments.

### E. Costs

Defendants have not sought an award of any costs in this matter.

### III. CONCLUSION

Having considered Defendants' Supplemental Motion for Fees and Costs, the Declarations and Exhibits in support thereof, and the remainder of the record, the Court hereby

ORDER
PAGE - 5

finds and ORDERS that Defendants' motion (Dkt. #46) is GRANTED IN PART AND DENIED IN PART for the reasons discussed above. Defendants Charlie I and Mr. Aucoin are awarded **attorney's fees in the amount of $6,857.50**.

DATED this 16 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE